John M. Harmon v. Commissioner.
Harmon v. Commissioner
Docket No. 22743.
United States Tax Court
1950 Tax Ct. Memo LEXIS 116; 9 T.C.M. (CCH) 717; T.C.M. (RIA) 50204; August 28, 1950
*116 Robert C. Hagopian, Esq., for the petitioner. James R. McGowan, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $145 in the petitioner's income tax for 1945. The only issue for decision is whether stock became worthless in 1945, giving rise to a long-term capital loss. Findings of Fact The petitioner filed his income tax return for 1945 with the collector of internal revenue for the district of Massachusetts. The petitioner purchased 100 shares of stock of Colleewahee Plantation Company in 1929 for $1,000. The stock became worthless in 1945. The petitioner claimed a deduction of $500 on his return for 1945, the deduction representing a long-term capital loss on the 100 shares of stock. The Commissioner, in determining the deficiency, disallowed the deduction of $500. Opinion MURDOCK, Judge: The Commissioner introduced no evidence. He claims that the petitioner has failed in his burden of proof to overcome the presumption of correctness attaching to the Commissioner's determination. The evidence presented is extremely weak. The company was organized to develop pecan groves in Georgia *117 with the money paid in for its shares. Each shareholder had the right to purchase some of the land and to have the amount which he paid for his stock credited on account of the purchase price. The petitioner never made any effort to buy any of the land but he inspected it. The Charter of the company was revoked in 1945 and the petitioner learned from the president of the company that it was dissolved and had no assets in 1945. It is obvious that the petitioner sustained a loss of $1,000 on his stock. The Commissioner contends that the loss may have occurred prior to 1945 but the preponderance of the evidence, such as it is, indicates that the loss occurred in 1945. Section 23(g)(2) provides that if securities become worthless and are capital assets, the loss shall be considered a loss from a sale or exchange of capital assets. The stock was a capital asset and the petitioner correctly reported the loss. The record does not show whether or not the Commissioner made any other adjustments in determining the deficiency. Decision will be entered under Rule 50.